IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EBONY LASALLE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:21-CV-1263-D |
| VS. | § | |
| | § | |
| JOSE SALVADOR ORTIZ ACEVEDO, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action brought by plaintiffs Ebony Lasalle and Kayla Washington, individually and on behalf of Aleiyah Richard, defendants Jose Salvador Ortiz Acevedo ("Acevedo") and MDD Logistics, Inc. ("MDD") move to dismiss under Fed. R. Civ. P. 41(b) and 12(b)(6). For the reasons that follow, the court grants defendants' motion under Rule 41(b) and dismisses this action without prejudice by judgment filed today. Because, due to the statute of limitations, this dismissal without prejudice will operate as a dismissal with prejudice, the court will grant a motion to reopen the case if plaintiffs file the motion within 28 days of the date this memorandum opinion and order is filed.

I

On October 20, 2020 plaintiffs filed the instant personal injury action against Acevedo and MDD in state court. Defendants timely removed the case to this court on June 2, 2021. On July 22, 2021 the court entered three orders: a scheduling order, an order directing plaintiffs to file a certificate of interested persons, as required by N.D. Tex. Civ. R. 81.2, and

an order directing plaintiffs to comply with the local counsel requirement of N.D. Tex. Civ. R. 83.10(a). Plaintiffs failed to respond to the July 22, 2021 orders, and, on August 31, 2021, the court entered orders again requiring plaintiffs to file a certificate of interested persons and to comply with N.D. Tex. Civ. R. 83.10(a).

On September 13, 2021 plaintiffs filed a motion for continuance and extension of time to find local counsel. The court granted the motion the following day, giving plaintiffs an additional 45 days to secure local counsel. Nearly five months later, on February 13, 2022, plaintiffs filed their certificate of interested persons and an unopposed motion for leave to appear without local counsel, which the court granted.

On January 31, 2022 defendants filed a motion to compel discovery responses. They contended that they had served their Rule 26 initial disclosures on August 5, 2021; that they had served plaintiffs with interrogatories and requests for production on November 17, 2021; that plaintiffs had not responded to their Rule 26 initial disclosures, requests for production, or interrogatories; and that plaintiffs' "abuse of discovery leaves Defendants unable to prepare a defense and to prepare this matter for trial." Ds. Mot. (ECF No. 20) at 3. Plaintiffs did not respond to defendants' motion to compel. On March 2, 2022 the court granted the motion and ordered plaintiffs to serve Rule 26 initial disclosures on defendants and to serve responses to defendants' interrogatories and requests for production within 14 days. To date, plaintiffs have not responded to defendants' Rule 26 disclosures, interrogatories, or requests for production.

Defendants now move to dismiss plaintiffs' complaint pursuant to Rules 41(b) and

12(b)(6). They maintain that plaintiffs have not taken any meaningful action in the case since they filed it on October 20, 2020 (other than providing their certificate of interested persons after the court-ordered deadline) and that plaintiffs have failed to prosecute this suit by consistently failing to provide discovery responses, even when ordered to do so by the court. Plaintiffs have not responded to defendants' instant motion to dismiss, and the deadline for doing so has now passed.

II

Rule 41(b) provides that, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) authorizes a district court to "dismiss an action *sua sponte* . . . for failure to comply with a court order." *Jone Jones Collection, Inc. v. Good Price Mart, Inc.*, 2010 WL 2403727, at *2 (N.D. Tex. June 15, 2010) (Fish, J.); *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). "Unless the dismissal order states otherwise," a dismissal under Rule 41(b) "operates as an adjudication on the merits." Rule 41(b).

Before an action can be dismissed with prejudice under Rule 41(b), two "requisite" factors must be present and a third "aggravating" factor usually should be present. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417-18 (5th Cir. 2006).

First, a dismissal with prejudice under Rule 41(b) is appropriate "only on a showing of a clear record of delay or contumacious conduct by the plaintiff." *Id.* at 417 (internal quotation marks omitted) (citation omitted). A clear record of delay exists when there have been "significant periods of total inactivity" that persist for "longer than just a few months."

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (citation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) ("The decisions of this court affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays."). A clear record of contumacious conduct exists when the plaintiff has deliberately exhibited a "stubborn resistance to authority." *Millan*, 546 F.3d at 327 (citation omitted) ("[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious." (citation omitted)); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 558 (5th Cir. Unit A Oct. 1981) (equating "contumacious conduct" with "willful misconduct").

Although the decision to dismiss under Rule 41(b) is committed to the district court's discretion, its discretion to dismiss with prejudice has been confined to a narrow range of circumstances. *See Raborn v. Inpatient Mgmt. Partners Inc.*, 278 Fed. Appx. 402, 407 (5th Cir. 2008) (per curiam) ("Because [a dismissal with prejudice] forever deprives the litigant of the opportunity to pursue her claim, we have more closely managed the district court's discretion under Rule 41(b) than in other contexts."); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("[T]his Court has limited the district court's discretion in dismissing cases with prejudice."). For example, it is usually an abuse of discretion to dismiss an action with prejudice "where a plaintiff has failed only to comply with a few court orders or rules." *Berry*, 975 F.2d at 1191-92 n.6 (citing cases); *see also, e.g.*, *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1520-21 (5th Cir. 1985) (per curiam) (collecting cases in support of the conclusion that "noncompliance with two or three orders or rules of

- 4 -

the district court" typically does not establish a clear record of delay or contumacious conduct). Dismissal with prejudice is appropriate only in "cases where the plaintiff's conduct has threatened the integrity of the judicial process, . . . leaving the court no choice but to deny that plaintiff its benefits." *Rogers*, 669 F.2d at 321.

Second, even where there is a clear record of delay or contumacious conduct by the plaintiff, the court must also make an explicit determination that lesser sanctions would not serve the best interests of justice. *Sealed Appellant*, 452 F.3d at 417; *see also Callip*, 757 F.2d at 1521 ("[W]e cannot affirm a dismissal unless the district court expressly considered alternative sanctions and determined that they would not be sufficient . . . or the record reveals that the district court employed lesser sanctions prior to dismissal . . . that in fact proved to be futile.").

Third, even where both of those requirements are satisfied, at least one of the following "aggravating factors" usually must be present to justify dismissal with prejudice under Rule 41(b): "(1) the delay was caused by the plaintiff, as opposed to her attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct." *Raborn*, 278 Fed. Appx. at 404-05 (citing *Berry*, 975 F.2d at 1191); *see also Sealed Appellant*, 452 F.3d at 418 ("We have stated that aggravating factors must 'usually' be found; we have not said they must 'always' be found.").

III

The court in its discretion grants defendants' motion to dismiss the complaint under Rule 41(b) based on plaintiffs' continued failure to comply with court orders and failure to otherwise show that they intend to proceed with this case.[1] Plaintiffs failed to timely comply with this court's July 22, 2021 and August 31, 2021 orders regarding their certificate of interested persons; failed to timely respond to the court's July 22, 2021 and August 31, 2021 orders regarding local counsel, even after having been granted a 45-day extension of time to do so; failed to produce, by the court-ordered deadline, the discovery this court ordered on March 2, 2022; and they have not even responded to defendants' instant motion to dismiss, filed on March 22, 2022. A Rule 41(b) dismissal of this case without prejudice is warranted under these circumstances, and the court concludes that lesser sanctions would be futile.

The court acknowledges that a statute-of-limitations issue is present here. Plaintiffs' negligence claim is based on a motor vehicle accident that occurred on October 21, 2018. Absent equitable tolling—which has not been raised at this point—this case, once dismissed, would be time-barred because the statute of limitations expired on October 21, 2020.[2] This means that even a dismissal without prejudice would operate as a dismissal with prejudice. Because, due to the statute of limitations, this dismissal without prejudice will operate as a

---

[1] Because the court is dismissing plaintiffs' complaint under Rule 41(b), it does not address whether defendants are also entitled to a dismissal under Rule 12(b)(6).

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2017) (claims for personal injury must be brought not later than two years after the cause of action accrues).

dismissal with prejudice, the court will grant a motion to reopen the case if plaintiffs file the motion within 28 days of the date this memorandum opinion and order is filed.

\* \* \*

Accordingly, for the reasons explained, the court dismisses this action without prejudice under Rule 41(b), on the condition that plaintiffs may file a motion to reopen the case within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

May 2, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE